## Havana Press Drill Co. et al. v. Ashurst et al.

1. *Patent Laws.—Jurisdiction of the Federal Courts.*—The Federal courts have exclusive jurisdiction of all cases under the patent laws. The purpose of the patent laws is to create and preserve a monopoly in the invention, in favor of the patentee, but the Federal courts have no concern with the mode or extent of the enjoyment of the monopoly by the patentee. His right in the patented invention is considered as an article of property, and his contracts with others as to its ownership or enjoyment, do not concern the existence of the monopoly.

2. *Contests Relating to Property in Patent Rights.*—A controversy as to such property, or contract right, is not a case under the patent laws, but may be determined by courts having ordinary jurisdiction over such subjects.

3. *Scope of the Patent Laws.*—The patentability and scope of the invention, the validity of the patent, the right of the patentee to forbid others to employ or use it without his consent, are matters within the scope of the patent laws. But controversies in regard to its authorized use by another, are matters with which the patent laws have no concern.

**Memorandum.**—Bill in chancery for specific performance. Appeal from a decree of the Circuit Court of Mason County. The Hon. GEORGE W. HERDMAN, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 31, 1892.

### APPELLANTS' BRIEF.

A distinction must be drawn between the invention itself and the patent issued therefor to the inventor. Property in a patented invention is two-fold; the invention itself and

the monopoly. The first is the common law right, and may
be dealt with as other property at the common law. The
latter is statutory and can only be dealt with as prescribed
by the statute. Robinson on Patents, Sec. 753–55.

Such an invention, even before the patent is applied for,
is subject to a contract of sale, which, if made, will carry
with it the patent when afterward issued. Robinson on
Patents, Secs. 368, 408, n. 3, 409, 469, 771–2; Bunker v.
Stevens, 26 Fed. Rep. 245; Continental Wind Mill Co. v.
Empire Wind Mill Co., 8 Blatch. 295; Hammond v. Mason
& Hamlin Organ Co., 92 U. S. 724; McClurg v. Kingsland,
1 How. 202; Rathbone v. Orr, 5 McLean, 131; Marshall v.
Peck, 1 Dana, 609; Appleton v. Bacon, 2 Black, 699.

An assignment of an imperfect invention with all its fut-
ure improvements, is an assignment of the perfected result,
and the assignee is the owner of the patent when issued.
Littlefield v. Perry, 21 Wall. 205; Same case, 7 Official
Gazette, 964.

On an agreement to assign a future patent, the right to
an assignment becomes absolute when the patent issues.
Satterthwait v. Marshall, 4 Del. Chan. 337.

Such a contract will be specifically enforced in equity.
Robinson on Patents, Sec. 771 n. 4; Hapgood v. Rosen-
stock, 23 Blatch. 95; 23 Fed. Rep. 86; Ex parte Edison, 7
Official Gazette, 423.

It need not be in writing, but may rest in parol. Such a
parol contract will be enforced in equity the same as if in
writing. Whitney v. Burr, 115 Ill. 289; Burr v. De La
Vergne, 102 N. Y. 415; Robinson on Patents, Sec. 1228;
Sumerby v. Buntin, 118 Mass. 279; Burk v. Partridge,
58 N. H. 349; Lockwood v. Lockwood, 33 Iowa, 509.

An agreement to hold a patent in trust for another may
be by parol. Blakeney v. Goode, 30 Ohio St. 350.

A corporation may enter into such a contract without
special charter powers for that purpose. Dorsey Harvester
Rake Co. v. Marsh, 6 Fisher, 387.

A license which differs somewhat from an assignment is
sometimes implied from the relations existing between the

patentee and other persons; thus, where an invention has been made by a workman at the expense of his employer, who gave him extra wages on account of his skill as an inventor, the employer *prima facie* has a right to use it. Bensley v. Northern Horse Nail Co., 26 Fed. Rep. 250.

If one co-partner make an invention at the cost of the firm, the right to use it becomes vested in the partnership, and is not affected by the retirement of the inventor from the firm. Wade v. Metcalf, 16 Fed. Rep. 130; Slemer's Appeal, 58 Penn. St. 155; Montross v. Mabie, 30 Fed. Rep. 234; 41 O. G. 931.

A license of the same character arises in favor of a corporation, one of whose members is the owner of a patented invention, if he knowingly permits its employment in their business and receives his proportion of the benefit to be derived therefrom. Robinson on Patents, Sec. 833; Detweiler v. Voege, 19 Blatch. 482; 8 Fed. Rep. 600; Robinson on Patents, Sec. 414; Continental Wind Mill Co. v. Empire Wind Mill Co., *supra;* Bensley v. Northwestern Horse Nail Co., *supra;* Jencks v. Langdon Mills, 27 Fed. Rep. 622; 36 O. G. 347.

When a workman is hired to invent, the employer will own the inventions which fall within the scope of the contract, while all others will belong to the employe. Joliet Manufacturing Co. v. Dice, 105 Ill. 649; Dice v. Joliet Manufacturing Co., 11 Ill. App. 109; Damon v. Eastwick, 14 Fed. Rep. 40; 22 O. G. 1709; Hapgood v. Hewitt. 119 U. S. 226; 37 O. G. 1247.

Where an inventor has allowed his employer to deal with his invention as his own, he may be estopped from claiming it. National Feather Duster Co. v. Hibbard, 11 Biss. 76; 9 Fed. Rep. 558; Dixon v. Moyer, 4 Wash. 68; Robinson on Patents, p. 12, Sec. 857; Ibid., p. 16, Sec. 851-2; Teas v. Albright, 13 Fed. Rep. 406; Smith v. Standard Laundry Machine Co., 20 Blatch. 360; Ibid., 19 Fed. Rep. 825; De Witt v. Elmira Nobles Mfg. Co., 66 N. Y. 459; Kelly v. Kelly Scroll Mfg. Co., 15 Ill. App. 547.

This remedy must be sought in the courts of the United

States. Robinson on Patents, Vol. 3, p. 12, Sec. 857; Ibid., p. 16, Sec. 861–2; Teas v. Albright, 13 Fed. Rep. 406; Smith v. Standard Laundry Machine Co., 20 Blatch. 360; 19 Fed. Rep. 825; DeWitt v. Elmira Nobles Mfg. Co., 66 N. Y. 459.

H. M. MASTERS and McCULLOCH & McCULLOCH, attorneys for appellants.

### APPELLEES' BRIEF.

To warrant "specific performance" the contract must be certain, reasonable, fair, just, and not unconscionable. Fry on Spe. Per., Chap. 4, Sec. 229, and Note 1, *et seq.;* Dice v. Joliet Man. Co., 11 App. 109; Hartwell v. Black, 48 Ill. 304; Gosse v. Jones, 73 Id. 508; Bowman v. Cunningham, 78 Id. 48; Walker v. Douglas, 70 Id. 445; Stone v. Pratt, 25 Id. 25; Lear v. Choteau, 23 Id. 39; Montgomery, etc., v. Street, etc., 37 Ill. App. 289.

As a general rule, subject to a few exceptions, a court of chancery follows the law in applying to the statute of limitations to cut off stale demands. Walker v. Ray, 111 Ill. 319; Harris v. McIntyre, 118 Id. 281; Davies v. Atkinson et al., 124 Ill. 474; McDowell v. Chicago Steel Works, 124 Ill. 491.

"A naked assignment or agreement to assign in gross a man's future labors as an author or inventor, in other words, a mortgage on a man's brain, to bind all its future products, does not address itself favorably to our consideration." Montgomery, etc., v. Street, etc., 37 Ill. App. 289.

THOMAS N. MEHAN and JOHN W. PITMAN, solicitors for appellees.

OPINION OF THE COURT, *the Hon. Carroll C. Boggs, Judge.*
The appellants by this, a bill in chancery, sought the specific enforcement of an alleged contract of the appellee John L. Ashurst, to assign certain patents to the appellant company.
The bill alleged that the patents in violation of such

agreement and in fraud of appellants' right had been assigned to Lewis H. Ashurst, and he was for that reason found as a defendant to the bill. The appellees answered denying the right of the appellants to the relief prayed and by leave of the court filed a cross-bill in which they charge that the appellants, assuming to be the owners of the patents by virtue of the alleged contract, licensed and authorized the Stoddard Manufacturing Company, an Ohio corporation, to manufacture the patented implements in consideration of the payment of a certain royalty to the appellants, and that under such license a large number of the implements had been manufactured and sold. The cross-bill makes the Stoddard Manufacturing Company a party and prays that an account be had and taken of the royalty or license fee paid to the appellants or due to them and for a decree ordering same to be paid to the appellee (complainants in the cross-bill). The appellants (defendants to the cross-bill) answered, admitting that the Stoddard Manufacturing Company has been and is engaged in the manufacture of the patented implement under contract to pay royalty or license fee as charged, and justifying such contract upon the ground that the appellants became the owners of the patents upon the implements by virtue of the contracts with the patentee, John L. Ashurst, set up in and sought to be specifically enforced by the original bill.

The answer also insists that the matters set up in the cross-bill relate to the enforcement of the patent laws of the United States, and are therefore within the exclusive jurisdiction of the Federal courts.

The court, after hearing and considering a vast amount of testimony, rendered its decree dismissing the original bill and granting the prayer of the cross-bill. This is an appeal from that decree.

The testimony heard by the court was voluminous and in many material respects directly conflicting. The credibility of witnesses who appeared in person before the trial judge and the weight of their evidence was necessarily involved in the determination of the questions of fact. We have ex-

amined this evidence as abstracted and find that it sufficiently supports the findings and decree of the circuit judge.

Upon familiar principles we ought not, under such circumstances, to interfere with the conclusion of the Circuit Court upon mere question of fact. We have given attention to the alleged lack of jurisdiction in the Circuit Court over the subject-matter of the cross-bill. The Federal courts have exclusive jurisdiction of all cases under the patent laws.

Is this such a case? The purpose of the patent laws is to create and preserve a monopoly in the invention in favor of the patentee.

They have no concern with the mode or extent of the enjoyment of the monopoly by the patentee. His right in the patented invention considered as an article of property, and his contracts with others as to its ownership or enjoyment, do not concern the existence or continuance of the monopoly. A controversy as to such property or contract right is not a case under the patent laws, but may be determined by the courts having ordinary jurisdiction over such subjects. In the case at bar the patentability and scope of the invention, the validity of the patent, the right of the patentee to forbid others to employ or use it without his consent, are admitted. The controversy is whether he has authorized its use by another.

With this the patent laws have no concern. Robinson on Patents, 3d Vol., Secs. 854–857.

There appears no reason why we should interfere with the decree and it is affirmed.