## John W. Rhodes and The Stoddard Mfg. Co., Impleaded with The Havana Press Drill Company, v. John L. Ashurst and Lewis B. Ashurst.

1. SET-OFF—*Against an Assignee of a Patent.*—In a suit for an accounting, by the assignee of a patent, against persons manufacturing under a former assignment alleged to have expired, the allowance of a claim against the original owner of the patent as a set-off, is held proper under the circumstances.

2. PATENTS—*Royalties for Articles Made, but Not Sold.*—The court holds that the royalties claimed in this suit, for the use of the patent in making the articles remaining unsold, were properly left unadjusted by the court. Had the patent been used piratically a different rule might have been applied, but, under the circumstances of this case, it was proper to let an accounting for the use of the patent await a sale of the articles.

3. ACCOUNTING—*Before a Master in Chancery.*—In taking an account, a master in chancery is not limited to the date of entering the decree; he can extend it down to the time of the hearing before him.

Bill, for an accounting. Appeal from the Circuit Court of Mason County; the Hon. GEORGE W. HERDMAN, Judge, presiding. Heard in this court at the November term, 1896. Affirmed. Opinion filed June 16, 1897.

JOHN G. MANAHAN and CHARLES M. PECK, attorneys for appellants.

JOHN W. PITMAN, attorney for appellees.

OPINION PER CURIAM.

This cause was before us at a former term, 48 Ill. App. 454.

An appeal from our decision was affirmed by the Supreme Court, with directions to the Circuit Court to cause an apportionment to be made upon equitable principles of the royalties properly chargeable for the use of the complainant's patent. 148 Ill. 115.

In pursuance of such directions the Circuit Court ordered the master in chancery to make and state an account of all the royalties and license fees which ought to be paid by said J. W. Rhodes and the said Stoddard Manufacturing Company, or either of them, to said Lewis B. Ashurst, and of all proper credits and all set-offs thereto, if any, and that he report the same with the evidence taken and his conclusions at the next term.

The master performed the duties thus enjoined upon him, and to his report exceptions were filed by the respective litigants.

The Circuit Court heard the exceptions and rendered a decree finding the total amount of royalties to be apportioned to be $22,243.50, of which the sum of $3,748 had been paid by the Stoddard Manufacturing Company to said John W. Rhodes, leaving unpaid by the Stoddard Manufacturing Company the sum of $18,495.50, and that said Rhodes was entitled to a set-off in the sum of $6,326.15 as against said Lewis B. Ashurst, such set-off being the amount due said Rhodes from said John L. Ashurst upon certain notes given by the latter to the Havana Press Drill Co.

The decree further found Lewis B. Ashurst entitled to recover from the said Rhodes and said Stoddard Manufacturing Company one-half the sum, to wit, $18,495.50, found to be unpaid upon said royalties, to wit, $9,247.75, and that said Lewis B. Ashurst was entitled to recover from said Rhodes one-half the amount, to wit, $3,748 received by said Rhodes from said royalties, to wit, the sum of $1,874, after deducting from such sums the amount due Rhodes by way of set-off, to wit, $6,326.15.

The amount to be paid said Lewis B. Ashurst under the

terms of the decree was $4,795.60, for which sum a decree was rendered in his favor against said John L. Rhodes and the Stoddard Manufacturing Company to be enforced by execution.

Both parties appealed to this court.

The parties respectively complain of the conclusion arrived at by the court as to the proper amount to be accounted for as royalties for the use of the Ashurst patent.

The amount to be paid by the Stoddard Manufacturing Company to Rhodes, under the contract between them, was readily ascertained, but this sum was for the use and value of a number of different patents, including that held by Ashurst.

The relative value of these different patents was the subject of much testimony, and its solution is attended with no little difficulty.

The testimony consists mainly of that of different witnesses as to the respective merits of the different patents and estimates as to the value contributed by each to the total value of a complete drill, which was the result of the combined employment of all the inventions covered by the different patents.

Such evidence consisted largely of the conflicting opinions of witnesses as to the relative benefit conferred by the different patents to the working and saleable quality of the drills, and lacked so many elements of exactness as to make a satisfactory solution quite difficult.

We have examined the testimony, considered the rather voluminous arguments presented thereon, and have arrived at the conclusion there is sufficient evidence in the record to support the finding of the court upon the question.

To incorporate in this opinion the testimony in detail and our reasoning thereon, would extend it unreasonably without corresponding benefit to the litigants or to the profession.

The allowance to Rhodes of the sum of $6,326.15 by way of set-off was proper as we think.

The amount so set off was the sum due from John L. Ashurst on certain notes given by him to the Havana Press

Drill Co., and the consideration grew out of the assignment of the patent in question by said John L. to the Havana Press Drill Co., and the business of making and selling the drills by the company under the assignment.

John L. afterward assigned the same patent to Lewis Ashurst, but subject to all right inuring to the Havana Press Drill Co. by virtue of the former assignment.

Rhodes and John L. owned the stock of the Drill Co., and the amount set off is only such portion of the indebtedness evidenced by the notes as his stock interest entitled him to have in the assets of the company.

The interest acquired by Lewis in the patents was qualified by the former assignment, and as the decree divested the Havana Drill Co. of all interest in the patent and left Lewis the sole owner thereof, it was proper to adjust by set-off the matter of the notes.

The royalties claimed for the use of the patent in the 107 drills remaining unsold were properly left unadjusted by the court.

The Stoddard Manufacturing Company made these drills under a contract with Rhodes which authorized the use of the Ashurst patent as the result of the assignment by the inventor of his patent to Rhodes.

Had the patent been used piratically a different rule might have been applied, but, under the circumstances of this case, it was proper to let an accounting for the use of the patents await sale of these drills.

The contention the accounting should have been limited to the date of the decree is not well founded.

It was proper to receive testimony and adjust the account down to the time of the hearing before the master.

Curtis on Patents, 4th Ed., Sec. 436; Rubber Co. v. Goodyear, 9 Wall. 788.

We think the decree should be affirmed.