JAMES LITTLE, in equity, *vs.* THOMAS J. MERRILL and others.

*Equity procedure. Upon a bill between part owners of a vessel, the court will fix the sum due to each.*

Upon a bill in equity between part owners of a vessel, to obtain an account, all the parties are to be regarded as actors. The decree should settle the accounts between the several owners as if each were plaintiffs in a bill against his co-owners, and execution issue in favor of each part owner to whom a balance is found due against such as are equitably liable to pay the same.

ON EXCEPTIONS to the acceptance of a report of a master in chancery.

*Wales Hubbard,* for Merrill, the excepting party.

*Gould & Moore,* for the complainant.

VIRGIN, J.  This is a bill in equity brought by the plaintiff as owner of one-fourth of the brig "George S. Berry," against the other part owners thereof, seeking for an adjustment of the net earnings arising from several freighting voyages.

The bill alleges, *inter alia*, that Merrill, one of the defendants and ship's husband, has since Nov. 1, 1870, received large sums of money from the master, as earnings of the vessel, and especially the sum of $1,503.94, which he has not paid or accounted for to the plaintiffs and the other defendants, according to the just proportion due to each, &c.

A master was appointed, who upon a hearing stated the account between all the owners, finding in the hands of Merrill the sum of $1,641.92, with the proportion thereof belonging to the plaintiff and each defendant respectively.  The counsel for Merrill objected to the acceptance of the master's report, on the ground that by the rules of equity practice, Merrill is not liable in this suit to a decree against him in favor of any co-owner other than the plaintiff; but the presiding judge ruled otherwise and he alleged exceptions.

The exceptions must be overruled.  For it is the well settled rule in relation to part owners of vessels that in the absence of any specific agreement concerning the shares of a vessel's earnings, equity is the proper remedy.  *Hardy v. Sprowl,* 33 Maine, 508 ; Story's Eq. Plead., § 72.  If the objection should prevail, its logical consequences would necessitate a separate suit by each part owner ; and the common law, bound down as it is to a fixed and invariable form of judgment in general terms, altogether absolute for the plaintiff or the defendant, could furnish such a remedy.  On the other hand, this class of cases illustrates what Judge Story denominates the beautiful character and pervading excellence of equity jurisprudence.  The constant aim of courts of equity is to do complete justice by calling before them all persons materially interested in the subject-matter of the suit, and after viewing the whole matter, by deciding upon and settling the rights of all ; so that the decree, being adapted to the mutual and adverse claims and sub-

stantial rights of all the parties, may be safely performed by those compelled to obey it, and future litigation prevented by doing away with the necessity for it.   Story's Eq. Plead., § 72.

Hence, in taking an account on a bill filed by one part owner against his co-owners, all the parties are to be regarded as actors, and the decree should settle the net earnings between all the individual part owners, as if each was a plaintiff in a bill against the others.   The whole case should be adjudicated upon, not only the claims of the plaintiff against the defendants, but also the claims of the defendants between themselves.   And an execution may be issued in favor of each part owner to whom a balance is found due, against such as are equitably liable to pay the same.   Such is substantially the decision in *Grove v Fresh*, 9 Gill & J. (Md.) 280 ; *Raymond v. Came*, 45 N. H., 201.        *Exceptions overruled.*

APPLETON, C. J., CUTTING, WALTON, DICKERSON, DANFORTH and PETERS, JJ., concurred.