## THE ACME COPYING COMPANY
## v.
## GUSTAVUS Y. McLURE.

*Partnership—Account—Reference to Master—Notice.*

1.  On a bill for an account both parties are actors.  A decree upon a master's report, based upon a bill praying for an account, can not stand where the defendant had no notice of the reference to, hearing before, or report of the master, nor of the decree, until the term of the court at which the decree was entered had passed.

2.  It is a universal rule in equity, that upon a bill for an account, the party against whom the balance is found will be decreed to pay it.  No cross-bill is necessary and if there be several defendants, and if between them a balance is due from one to another, it may be awarded as if each was a plaintiff in a bill against the others.

3.  Failure to answer a bill admits all traversable averments therein.

[Opinion filed November 2, 1891.]

IN ERROR to the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Mr. FRANK J. CRAWFORD, for plaintiff in error.

Messrs. WILLIAM A. DOYLE and JOHN C. RICHBERG, for defendant in error.

GARY, J.   The defendant in error filed a bill in the Circuit

Court against the plaintiff in error, alleging a partnership and praying an account. The Acme Company demurred, their demurrer was overruled and they were ruled to answer. As they did not answer, the bill was taken as confessed, and the cause referred to a master to state the account.

The master stated the account, finding that there was due to McLure from the company $1,653.32, and on that report a decree for that sum was entered against the company, to reverse which this writ of error is prosecuted.

The plaintiff in error had no notice of the reference to, hearing before, or report of the master, nor of the decree, until after the term of the court at which the decree was entered had passed; nor is it probable that the attention of the court was before then called to the fact that the account had been taken without notice. Without considering any other question in the case the decree must be reversed for the reason that there was no such notice. On a bill for an account both parties are actors.

"It is a universal rule in equity that upon a bill for an account, the party against whom the balance is found will be decreed to pay it." Green, C. J., in Campbell v. Zabriskie, 4 Halst. 738. To the same effect is Quinn v. McMahan, 40 Ill. App. 590.

No cross-bill is necessary. Allen v. Allen, 11 Heisk. 387. And if there be several defendants, and if between them a balance is due from one to the other, it may be awarded, as if each was a plaintiff in a bill against the others. Little v. Merrill, 62 Me. 328.

Failure to answer the bill admitted all traversable averments of the bill.

The bill set out a contract in writing between the parties, and that the parties had ceased to act under it. The default admits that. It alleges that upon a settlement it would appear that there is a large balance due to the complainant. That is a formal allegation, not going to the right of the complainant to file his bill, but like the *ad damnum* at law, touches only the measure of the relief he wants.

In Bruner v. Battell, 83 Ill. 322, relied upon by the appellee,

the bill was to obtain a conveyance of land sold by the defendant to the complainant, which the latter claimed, and therefore his bill doubtless alleged, had been fully paid for. In such a case the default admitted everything, and no reference was necessary. A decree might have followed the default without any evidence. Mason v. Patterson, 74 Ill. 191.

But in this case a reference to the master was indispensable. A decree without it would have been erroneous. Farwell v. Huling, 33 Ill. App. 238; 132 Ill. 112.

The practice in this State as to notice, both at law and in equity, is too loose for safety. But the case of Craig v. McKinney, 72 Ill. 305, has set a limit in one particular. That case was not very unlike this. A default for want of answer after demurrer and plea overruled, was entered, upon a bill filed for an account; not, to be sure, between partners, but of an agent to his principal. But money to be found due by the account, and awarded to the complainant, was the object of that suit, as of this. The court held that there should have been notice to the defendant of the taking of the account. Reference is there made to 2 Dan. Chy., 3d Ed., 1152 (5th Ed., 1175).

In the notes to this last edition many other authorities are referred to at page 1170. See also, Jewell v. Rock River Paper Co., 101 Ill. 57; Union Mut. Life Ins. Co. v. Slee, 123 Ill. 57; Strang v. Allen, 44 Ill. 428.

A reference to the authorities, without copying, is sufficient. No directions will be given as to whether the company shall be permitted to answer the bill or not. Unless they can deny the agreement set out, it would seem to be unnecessary, as the same defense can be made, and if anything is due to the company, the same relief had without as with an answer.

The decree is reversed and the cause remanded.

*Reversed and remanded.*