## Martha E. Baldwin v. Elbridge Hanecy.

1. RES ADJUDICATA—*Extent of Principle.*—The principle of *res adjudicata* embraces not only what actually was determined in the former case, but also extends to any other matter properly involved and which might have been raised and determined in it.

2. ESTOPPEL—*Former Case upon Different Claim or Demand.*— Where there has been a former case between the same parties upon a different claim or demand the judgment in the former action is an " estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.

**Bill for an Accounting and for a Conveyance of Real Estate.**—Error to the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed November 13, 1902.

**Statement by the Court.**—Plaintiff in error, formerly the wife of James Cash, now deceased, filed her bill March 29, 1901, against defendant in error, for an accounting of the proceeds of certain notes and money transferred to him

by Cash in his lifetime, and for the conveyance of certain real estate deeded to defendant in error by Cash in his lifetime and by his daughter, Madeline Cash, who held the title for her father; all said transfers and conveyances, it is alleged, being made in February, 1878, because of the advice and persuasion of Cash by defendant in error, who was then his attorney, for the purpose of defrauding the creditors of said Cash, including one Michael Worthy, who had certain judgments against James Cash.

The bill alleges that Worthy filed a creditor's bill against defendant in error and others to subject said property to the payment of Worthy's claim, under which Adolph Heile was appointed receiver; that Heile, as receiver, also filed his bill against defendant in error and others for the same purpose, and that defendant in error filed a separate answer to the Heile bill, in which he admitted the conveyance to him by James Cash of real estate for a stated consideration of $2,000, the actual consideration being $500, and the conveyance of other real estate by said Madeline Cash for a stated consideration of $1,000, the actual consideration being $75, and that defendant in error was then in possession of two notes payable to James Cash, one made by Boyer & Corneau for $2,000, and one made by Atkinson & Walker for $5,000, on which he claimed a lien for fees to be earned by and on account of services to be rendered to James Cash and Eugenie Cash under an agreement made by James Cash with defendant in error and the makers of the notes, which agreement also provided for the payment of the balance of said moneys to plaintiff in error in lieu of her dower rights in the said real estate of James Cash transferred by him to defendant in error, in which transfer she joined.    The bill further alleges that by virtue of said agreement, which plaintiff in error did not know of until recently, a trust was created for her benefit; that she thereby became entitled to the balance remaining in the hands of defendant in error after the payment to him of reasonable fees; that defendant in error advised Cash to the unnecessarily prolonged and drawn out litigation for the

sole purpose of earning a large amount of money for his fees, when he knew of its hopelessness and uselessness; that the total amount of money and property secured by defendant in error was $12,000, none of which has been turned over to plaintiff in error, and that defendant in error was sufficiently compensated for all his services by the transfer of said real estate, which would leave in his hands the sum of $9,000. Defendant in error pleaded to the bill a decree rendered January 20, 1881, in the case of Heile, receiver, against defendant in error, plaintiff in error under the name of Martha E. Cash, James Cash and others, and in the cross-bill in the same case of William D. Cox v. Heile, receiver, defendant in error, plaintiff in error, James Cash and others. On a hearing of the cause on the bill and this plea, the chancellor decreed that the bill be dismissed for want of equity, to reverse which this writ of error is prosecuted.

Daniel M. Mickey, attorney for plaintiff in error.

George P. Merrick, attorney for defendant in error.

Mr. Justice Windes delivered the opinion of the court.

The sole question presented is as to the sufficiency of the plea. Does it show a previous adjudication between the parties to this bill which is binding upon plaintiff in error?

The parties to this suit were defendants in the case of Heile, receiver, as well as defendants in the cross-bill of Cox in that case. The questions in issue here were in issue in that case, and if they were not adjudicated in the Heile case they could have been adjudicated, as sufficiently appears, from the pleadings in this case.

The purpose of the Heile bill, as appears from the statement preceding this opinion, was to subject the property of James Cash, the husband of plaintiff in error, which had been fraudulently conveyed to defendant in error, as it is alleged, to the payment of judgments against Cash. The answer of defendant in error thereto, which is attached to and made an exhibit to the bill in this case, in substance

alleges that the real estate mentioned in the bill as conveyed to him by Cash, being the same real estate here in question, was conveyed to defendant in error in part payment of fees due and owing to the latter from Cash; also that the notes here in question were subject to certain liens, which are set out, after the payment of which defendant in error was to be paid anything due him from James Cash and plaintiff in error, and the balance, if any, remaining, was to be paid plaintiff in error; also that James Cash owed defendant in error over $3,500. Thus it clearly appears the different claims of defendant in error and plaintiff in error to the property conveyed by James Cash to defendant in error were set up in the pleadings. The plea of defendant in error in this case alleges, in substance, that the bill in the Heile case made allegations as to the property of Cash as above stated, and that it further alleged that the rights and interests of plaintiff in error were as she now claims in her bill, and prayed relief against defendant in error, in the same manner, for the same matters and to the same effect as she now prays by her present bill; that defendant in error and plaintiff in error put in their answers thereto, to which there were replications; the cause was heard upon evidence taken relating to the matters in controversy, and a final decree rendered, which is set out in full in the plea. It is also alleged that the decree is in full force and effect, is true, and is pleaded to the whole of the bill. The decree sustains the bill of Heile, receiver, and disposes of all the property conveyed to defendant in error, in the payment of the Worthy judgments, of various liens thereon, as found by the decree, including an indebtedness of James Cash to defendant in error of $4,120, and adjudges that he is the absolute owner of said real estate, which it is alleged he took in part payment of fees due to him from James Cash.

It thus appears from the pleadings herein, not only that the rights and interests of plaintiff in error, as she claims them here, and of defendant in error, were set up in the Heile case, and properly within the issues in that case, but

that they were actually adjudicated by the court in that case. It makes no difference that they were both defendants in that case. The vital question was the disposition of the property of James Cash among the various claimants thereto, including both plaintiff and defendant in error. If plaintiff in error did not in fact insist upon her rights, as they were set up in the pleadings, it was her own fault. No cross-bill was necessary to present her rights, and she is entirely foreclosed by the disposition in the decree of all the property here in question to other persons. Acme Copying Co. v. McLure, 41 Ill. App. 397, and cases cited.

In Bailey v. Bailey, 115 Ill. 557, it is said :

" The principle of *res adjudicata* embraces not only what actually was determined in the former case, but also extends to any other matter properly involved and which might have been raised and determined in it."

In Riverside Co. v. Townshend et al., 120 Ill. 9–18, the court considers the effect of a judgment as a bar against the prosecution of a second action upon the same claim or cause of action in another suit between the same parties, and say that " the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action concluding parties, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." The court makes a distinction as between a former case upon the same claim or cause of action, and that of a case upon a different claim or demand, in which latter case it is said the judgment in the prior action is an " estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered."

In Harmon et al. v. Auditor, etc., 123 Ill. 122–9, the court, in speaking upon this question, says that it makes no difference as to the conclusive effect of a former decree as between parties who are only defendants, if the parties have had a hearing and an opportunity of asserting their rights, in so far as it affects rights presented to the court

and passed upon by its decree, and reiterates the rule stated in the cases from which we have quoted, and hold that a former judgment or decree "is conclusive-as to all questions within the issue, whether formerly litigated or not." To the same effect is the recent case of Harvey v. Aurora, etc., Ry. Co., 186 Ill. 283–94, citing cases. See also, Wells on Res Adjudicata and Stare Decisis, Secs. 217, 264 and 424; 1st Herman on Estoppel and Res Adjudicata, Secs. 122, 408, and 457.

While we are of opinion that the foregoing authorities and facts are entirely sufficient to show the correctness of the chancellor's decree in dismissing the bill, the laches of plaintiff in error in remaining silent for twenty years after she must have known of her alleged rights, she being chargeable with a knowledge of the allegations of the pleadings in the Heile case, to which she was a party, is not without weight in the consideration of this case.

The decree of the Superior Court is affirmed.

Mr. Presiding Justice Ball, having heard the case in the Superior Court, took no part in this decision.