## Thomas D. Wilcoxon v. Mitchell H. Wilcoxon et al.

### Gen. No. 4166.

1. DISMISSAL—*complainant's right of.* The general rule of equity is that, in the absence of a cross-bill, the complainant has the right, upon the payment of costs, to dismiss his bill at any time before final, decree; and the rule prevailing in some jurisdictions, which recognize a discretionary power in the chancellor to restrict the exercise of this right, does not exist in Illinois.

2. DISMISSAL—*complainant's right of.* An exception to the rule stated in the foregoing paragraph exists where a proceeding to account has reached the stage where the parties have been ordered to account to each other.

3. CROSS-BILL—*when not essential.* In an action in equity for an accounting, the right of the defendant to affirmative relief is as broad and ample as that of the complainant, although no cross-bill or counter-claim has been interposed.

4. ACCOUNT—*when reference to take, may be ordered.* A reference requiring the master to state the accounts between the parties may be or lered where a bill alleging a partnership and for an accounting has been filed, and the answer admits everything essential to authorize the court to order such an accounting.

5. DECREE—*what essential to support a.* The rule in equity differs from that which prevails at law, and the complainant to whom relief is granted, must preserve in the record the evidence upon which it is based, either by a certificate of evidence or by recitals in the decree finding the specific facts proven on the hearing.

Bill for accounting. Error to the Circuit Court of Stephenson County; the Hon. JAMES S. BAUME, Judge, presiding. Heard in this court at the April term, 1903. Reversed and remanded. Opinion filed October 23, 1903.

H. T. WILCOXON and ROBERT N. HOLT, for plaintiff in error.

J. A. CRAIN, for defendants in error.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

On February 27, 1890, Mitchell H. Wilcoxon, Mary D. Proctor and Martha E. Lemon, filed a bill of complaint in the court below against their brother, Thomas D. Wilcoxon, setting up a partnership agreement between complainants

and defendant relative to two pieces of real estate in the city of Freeport, known as the Opera House Block and the Postoffice Block, which the parties had leased from Thompson Wilcoxon, by which agreement Thomas was made the trustee and agent of all the parties to sub-let the premises, collect the rents, pay the expenses, pay the debts of Thompson Wilcoxon, and monthly sums to each of the partners, and a certain annual compensation to Thomas for his services. The bill averred that Thomas acted thereunder as such agent and trustee from 1879 to 1888, and collected and disbursed large sums, but still owed his partners a large sum, and the bill sought an accounting as to all his receipts and disbursements and a decree for what might be found due complainants, they in said bill, offering to pay defendant what, if anything, should be found due him. On April 24, 1890, defendant filed a demurrer to said bill. On August 17, 1897, he filed an answer in which he admitted the partnership agreement, set out the prior lease to complainants and defendant from Thompson Wilcoxon, and averred that the lessor was the father of all the parties, and that the purpose of the lease and partnership agreement was to pay their father's debts from the income of the property and to preserve the property for the joint benefit of his children, complainants and defendant; that during said partnership term and without defendant's knowledge, complainants procured a deed of said real estate from their father and mother to themselves, and that said deed was not recorded and did not come to the knowledge of defendant till after their father's death. The answer declared that by taking said deed complainants terminated the partnership, and that defendant's services were worth much more than the amount fixed therefor in said partnership agreement, and that he should, therefore, be allowed what his services were worth, and that he had been otherwise damaged by such violation of the partnership agreement. The answer set up other facts and details, and denied that defendant had applied to his own use more than his due share of the partnership profits, and denied that complain-

ants were entitled to any relief, and asked to be dismissed with costs. On September 27, 1897, complainants filed a replication to said answer.

Several orders of reference to the master were made and afterward vacated. On September 8, 1898, the last order of reference was entered as follows:

" And now on this day on motion, the order of reference to the master in chancery is hereby set aside, and the cause is now referred to the master in chancery to take and report proofs with his findings stating an account herein."

On March 6, 1899, the suit was dismissed on complainants' motion and at their costs. On March 8, 1899, at the same term, defendant entered his motion to set aside the order of dismissal and to reinstate the suit. On March 29, 1899, that motion was heard and denied. The pleadings in the cause are more fully recited in Wilcoxon v. Wilcoxon, 199 Ill. 244, another chancery suit between the same parties. The cause now before us is a writ of error sued out by defendant below to reverse the decree dismissing the bill on complainants' motion. It is assigned for error in various forms that the court erred in dismissing the bill without defendant's consent after the order to account, and in denying defendant's motion to set aside the decree dismissing the bill and to reinstate the cause.

It is a general rule of equity practice in this state that where no cross-bill has been filed, complainant has the right, at any time before final decree, to dismiss his bill upon payment of costs. The rule prevailing in some jurisdictions, that a chancellor may at his discretion refuse to allow complainant to dismiss his bill where such action is likely to work a hardship to defendant, is not recognized or followed in this state. Reilly v. Reilly, 139 Ill. 180; Langlois v. Matthiessen, 155 Ill. 230; Bates v. Skidmore, 170 Ill. 234. But a bill for an accounting which has reached a decree that the parties do account with each other, must be regarded as an exception to the general rule. In such a suit, a defendant need not file a cross-bill to entitle him to a decree in his favor for any sum that may be found due

him from the complainants or from a co defendant. Atkinson v. Cash, 79 Ill. 53; Nyburg v. Pearce, 85 Ill. 393. In speaking of the record before us, the Supreme Court in Wilcoxon v. Wilcoxon, 199 Ill. 244, said:

" If the accounting when taken in pursuance of the scope and prayer of the bill, shows the complainant to be indebted to the defendant, whom he has brought into court for the purpose of having the accounts between them judicially investigated and adjusted, the court will decree payment by the complainant to the defendant accordingly, and that without a cross-bill on the part of the defendant. The benefit of the prayer of the bill is extended to the defendant as well as to the complainant, as to all matters within the scope of the bill. The bill praying an accounting implies an offer to pay whatever, if anything, should be found due from the complainant to the defendants. In bills in equity for the dissolution of co-partnerships and for an accounting between the partners as to the partnership affairs, all the partners are regarded as actors, and the accounts between them as partners are stated and the rights of each partner determined and enforced in the same manner, whether appearing as complainant or defendant in the pleadings."

It was there further said that this is the rule only where the whole scope of the bill is for adjusting the partnership accounts and ascertaining which partner owes the other, but that if a defendant partner seeks affirmative relief beyond the scope of the bill filed by the complainant, the general rule then applies that such relief outside the scope of the bill will not be granted without a cross-bill. The court then declared the scope of the present bill as follows :

" The scope and purpose of the bill filed by the defendants in error against the plaintiff in error were to procure the judicial investigation and determination of the state of the accounts of the different members of that firm, and particularly of the accounts of the plaintiff in error, who, by the agreement between the co-partners, had been placed in the active management and control of the business affairs of the firm, and was made the custodian of the income from the property leased by them."

In Hall v. McPherson, 3 Bland (Md.), 529, a bill for an accounting between partners, the chancellor decreed that the partners account with each other and referred the case

to an auditor, with directions to state and report an account from the proofs then in the case and such other proofs as might be produced by either party. Afterwards the plaintiff asked leave to dismiss his bill, which was denied. The court said:

"The application of a plaintiff to dismiss his bill is one which is ordinarily granted, as of course, at any stage of the proceedings on the payment of costs. But in this case, there having been a decree to account, each party has been thereby virtually clothed with the rights of an actor. * * * After a decree to account both parties are considered as actors in relation to such account, and the final decree may be in favor of the one or the other, according as the balance may appear. And, therefore, if the suit should abate after such a decree, by the death of either plaintiff or defendant, the surviving party, or the representatives of the deceased, may have it revived by a bill of revivor, because a defendant, after such a decree, has as direct an interest in the continuance of the suit as the plaintiff, and may ultimately be as essentially benefited by it. But as, in such cases, that reciprocal interest in the suit which the decree to account gives to each of the parties enables either of them to revive and continue it, so the plaintiff can not, as under other circumstances, be allowed at his pleasure, after such a decree, to dismiss his bill on the payment of costs, but can only get rid of it by a final decree, or by availing himself of the negligence and default of the defendant after he has been called upon to proceed; and therefore, after a decree which thus gives the defendant an interest in the further prosecution of the suit, the plaintiff can only have entered upon the docket the common rule for further proceedings, so as thereby to lay a foundation for obtaining leave to dismiss his bill at the next term."

In Hutchinson v. Paige, 67 Wis. 206, after an order to account had been entered, complainant made a motion to dismiss his bill, which motion was denied. The court, after stating the usual rules giving a complainant an absolute right to dismiss his bill, proceeded as follows:

"Because no counter-claim has been pleaded in the present case, and because the defendant does not allege in his answer that a balance will be found his due on a settlement of the partnership accounts, counsel for plaintiff claim

Wilcoxon v. Wilcoxon.

that the above rules establish the right of the plaintiff to discontinue this action., Although the defendant has pleaded no counter-claim, yet, because of the peculiar nature and incidents of the equitable action for an accounting, he is in the same position in respect to the right of the plaintiff to discontinue as. is a defendant in an ordinary action who has so pleaded.   In the action of account, the jurisdictional fact is that there is an unsettled mutual account between the parties.   It is immaterial in whose favor the balance, when ascertained, will be, and no claim in that behalf by either party in his pleadings is necessary, or, if made, of any importance.   Both parties stand upon the same footing.   If, when the account is stated and settled, the balance is found in favor of the defendant, he is entitled to an affirmative decree therefor, although he has not interposed a cross-bill or counter-claim.   1 Bac. Abr., Account.   The doctrine is thus stated by Judge Story:  'In all bills in equity for an account, both parties are deemed actors when the cause is before the court upon its merits.   It is upon this ground that the party defendant, contrary to the ordinary course of equity proceedings, is entitled to orders in a cause to which a plaintiff alone is generally entitled; as, for instance, in such a case a defendant may have an order for a *ne exeat regno*, even against a co-defendant.   So it is a general rule that no person but a plaintiff can entitle himself to a decree; but in bills for an account, if a balance is ultimately found in favor of the defendant, he is entitled to a decree for such balance against the plaintiff; and for a like reason, although a defendant can not ordinarily revive a suit which has not proceeded to a decree, yet in a bill for an account, if the plaintiff dies after an interlocutory decree to account, the defendant is entitled to revive the suit against the personal representatives of the plaintiff, and if the defendant dies, his personal representatives may revive the suit against the plaintiff.   The good sense of the doctrine seems to be that wherever a defendant may derive a benefit from further proceedings, whether before or after a decree, he may be said to have an interest in it, and consequently ought to have a right to revive it.'  1 Story's Eq. Jur., Sec. 522.   Thus it appears that in an action in equity for an accounting, the right of the defendant to affirmative relief is as broad and ample as that of the plaintiff, although no cross-bill or counter-claim has been interposed.   In some sense both parties are plaintiffs and both defendants; at least both are actors, entitled to affirmative relief.   This

places the defendant in a position as advantageous as that of a defendant in an ordinary action who seeks affirmative relief through the instrumentality of a cross-bill or counter-claim."

Accordingly the court held that plaintiff's motion for leave to discontinue the action was properly denied. In 1 Ency. of Pleading and Practice, 103, it is said:

"After a decree for an account the complainant cannot dismiss his bill unless upon consent of defendant." 1 Cyc. of Law & Procedure, 435; Seymour v. Jerome, Walker's Chy. Mich. 356.

There are other authorities announcing a like conclusion, but some of them are based wholly or partly upon the proposition that the court will refuse a dismissal which will work a hardship to defendant.

The rule that a defendant to a bill for an accounting need not file a cross-bill in order to entitle him to relief by decree in his favor, if the statement of the account shows complainant indebted to him, would be a mere mockery if complainant could dismiss at his own pleasure at any time before the result of the account in defendant's favor has been embodied in a final decree. Self-interest would impel a complainant to dismiss his bill as soon as he discovered from the state of the proofs that the result would be against him. In the present case the bill was filed in 1890, and alleges that the partnership transactions ceased about March 1, 1888. If the dismissal of this bill is sustained it may well be that the statute of limitations would bar a suit by defendant against complainants for an accounting and settlement of the partnership affairs. Defendant having by the decree to account obtained the position of an actor, entitled to an affirmative decree in his favor if the accounting should justify it, ought not without his consent to be deprived of that position and subjected to the risk of being defeated by the statute of limitations in any suit he might hereafter bring concerning the same matter.

But it seems to be contended that this is not a decree to account. The language of the last order of reference was "the cause is now referred to the master in chancery to

take and report proofs with his findings stating an account therein." If the answer had denied the partnership, or denied the terms of the partnership agreement set up in the bill, or had denied that defendant acted under it, it would have been necessary to prove those allegations at the preliminary hearing, and to have the order of reference find and decree that the complainants and defendant were partners, what the terms of the partnership agreement were, and that the defendant accepted the duties imposed upon him by that agreement, and received and disbursed monies for the firm thereunder. But here the answer admitted the agreement, and that defendant had acted under it, and received and disbursed large sums of money, and admitted everything necessary to authorize the court to order an accounting before the master. True, the answer alleged defendant had paid out about the firm business a much larger sum than the bill stated, but that only went to the result of the accounting. The order in question is very brief, but it means that the parties are required to account with each other before the master. In Hudson v. Trenton L. & M. M. Co., 16 N. J. Eq. 475, it is said:

" Upon a bill for an account, the only material evidence upon the original hearing is that which conduces to prove the complainant's right to an account. The ordinary decree is that an account shall be taken."

It is true the answer set up fraud by complainants against defendant, and that defendant had been greatly damaged thereby, and that because of this fraud he was entitled to receive as compensation for his services a much larger sum than by the partnership agreement he had contracted to accept therefor, but it is manifest that these allegations of the answer do not change the character of the bill, as a bill for an accounting, and we are not now called upon to determine how far these matters could enter into an accounting under the original bill or whether defendant could only obtain relief concerning them by a cross-bill.

Complainants assert defendant had taken no steps towards an accounting, but had been guilty of such laches

that the motion to dismiss the bill was properly granted. Defendant asserts that he had exchanged books of account and papers relating to the case with complainants, and had with much labor prepared tabulated accounts extending over eight years, for use before the master. None of these matters are shown by the record. Defendant asserts that the bill was dismissed without his consent. This is tacitly conceded in the brief and argument filed by complainant, but the record is entirely silent as to whether he did or did not consent. The final order dismissing the suit does not show why it was dismissed, nor find any facts as a basis for the order. Defendant's motion to vacate the order assigns no reasons for the motion. The order denying that motion contains no findings. There is no certificate of the proofs, if any, heard either when the bill was dismissed or when the motion to vacate the dismissal was heard and denied. If this were an action at law, there being no bill of exceptions in the record, we would be required to presume, in support of the action of the court below, that such a showing was made as justified and required the orders entered by it. The rule is otherwise in a court of equity. There the party obtaining a decree granting him relief must preserve in the record the evidence upon which the decree is granted, either by a certificate of the evidence heard or by recitals in the decree finding the specific facts proven on the hearing. If such supporting proof or finding of facts is absent from the record, the decree will be reversed. Village of Harlem v. Suburban R. R. Co., 202 Ill. 301, and cases there cited; Davis Paint Mfg. Co. v. Metzger Linseed Oil Co., 188 Ill. 295. Where there is a decree dismissing a bill upon the merits, the rule does not apply because that is the proper decree to render in an ordinary equitable cause if complainant offers no proof at all at the hearing. Ryan v. Sanford, 133 Ill. 291; First Natl. Bank v. Baker, 161 Ill. 281. This cause does not come within the exception, for the bill was not dismissed for want of equity or upon the merits. Here, because of the nature of the bill and the stage in the cause which had been reached, complainants

were not entitled to dismiss their bill as of right merely because they chose to do so, but it was necessary for them to show defendant's consent, or some delay by defendant amounting to such laches as indicated an abandonment of his rights as actor, or which would have justified the dismissal of the bill for want of prosecution if he had been the complainant. As it was necessary such facts should be shown, it was also necessary they should be preserved of record by complainants, either by findings of fact in the decree or by a certificate reciting the proof upon which the court permitted the bill to be dismissed. As there is no such showing in this record, the decree can not stand. Complainants attribute to defendant a purpose to harass and annoy the other heirs by protracted litigation, and refer not only to the case in 199 Ill., *supra*, but also to Wilcoxon v. Wilcoxon, 165 Ill. 454. Whatever his motive may be, he was a member of this partnership, and its active manager, for over eight years, and he has a right to have the accounts of that partnership settled in this suit.

The decree is therefore reversed and the cause remanded.

*Reversed and remanded.*