## William H. Clinton v. Netta J. Winnard et al.

### Gen. No. 13,338.

1. CROSS-BILL—*when not essential in proceeding for partnership dissolution.* An answer is sufficient to obtain the affirmative relief of dissolution where the bill prays for a partnership accounting and dissolution.

Clinton v. Winnard.

2. ACCOUNTING—*when jurisdiction to make, cannot be questioned.* An accounting had upon motion of one party without the objection of the other, in which both parties participated, cannot subsequently be questioned as made without jurisdiction.

3. JURISDICTION—*when question of, raised too late.* A question of jurisdiction, which does not involve the subject-matter, cannot be first raised on appeal.

4. MASTER IN CHANCERY—*when finding by, cannot be complained of.* Objections cannot be made in the Appellate Court to the findings of a master which were not objected to and where no exceptions to the report were urged before the court.

Bill for accounting, etc. Appeal from the Circuit Court of Cook county; the Hon. GEORGE A. CARPENTER, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed July 1, 1907.

A. D. GASH, for appellant.

FREEMAN K. BLAKE, for appellee; ABEL L. ALLEN, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Appellee Netta J. Winnard entered into an agreement of co-partnership with William H. Clinton, appellant, to operate a "livery, feed and sale stable" in Chicago. Clinton was an engineer and had no experience in the business venture contemplated and Mrs. Winnard's experience, if any, arises more by implication than proof, from the circumstance that her husband had unsuccessfully engaged in a like business. The articles of partnership among other things provided that Clinton was to purchase, pay for and own the real and personal property used in the firm business, and as compensation therefor he should receive one-half of the profits of the business. Mrs. Winnard agreed on her part to furnish the services of her husband, H. Ellis Winnard, who was to devote all of his time to the business, receiving his compensation out of his wife's interest in the profits. This was Mrs. Winnard's contribution to the partnership enterprise,

for which she was to receive one-half the profits of the firm business. There was a further provision relating to Mrs. Winnard's right to purchase from Clinton a one-half interest in the real estate and personal property employed in the conduct of the firm business. This provision as to her right to acquire an interest in the real estate is, "Mrs. Winnard agrees to buy the same for one-half the cost of the land and improvements, the amount to be determined as soon as the improvements are made"; and as to the personal property the provision is, "Clinton agrees to sell to her a one-half undivided interest in the personal property and she to buy the same for one-half of the cost of the same, the amount to be determined as soon as all of said personal property has been purchased and paid for"; and in relation to the payment for such interest it is agreed that "as soon as said amounts to be paid on a one-half interest in said real estate and personal property are ascertained, Mrs. Winnard will give promissory notes endorsed by her husband for said amounts, conditioned for payments as herein specified."

Clinton did not pay all the purchase price for either the real or personal property. The actual cost was never communicated to Mrs. Winnard. Neither had Clinton to the time of filing the original bill suggested any method for ascertaining the same. The business was conducted until the filing of the bill without Mrs. Winnard having acquired any title or interest in the real or personal property used in the partnership business.

Mrs. Winnard, on September 3, 1903, filed a bill for a dissolution of partnership, averring disagreements between the partners as to conduct and management of the business as the moving cause, praying for an accounting and a receiver for the partnership property. Clinton answered, admitting the partnership, but averring that Mrs. Winnard's interest in the firm

business and property was restricted to a half interest in the profits, etc.; that the title to all the real and personal property used in the firm business was in him and rightfully so. He denied any indebtedness of the firm to his partner, but on the contrary insisted that Mrs. Winnard had taken of the profits $1,001.52 more than was rightfully her due.

Clinton filed a cross-bill, to which he added H. Ellis Winnard as a defendant with his wife, and after reciting the filing of the original bill and his answer thereto, set up substantially the same facts as set up in his answer, and again claiming that Mrs. Winnard had taken out of the profits of the partnership business $1,001.52 more than she was entitled to, and praying for a dissolution and an accounting, and that the Winnards be ordered to pay what shall appear to be due Clinton on such accounting and for an injunction restraining the Winnards from collecting or receiving any of the partnership accounts or claims, etc. H. Ellis Winnard was duly served with summons, and failing to appear was defaulted. On September 9, 1903, defendants in the cross-bill were ordered to answer the same within ten days. A decree *pro confesso* on the cross-bill was entered September 23, 1903, in which the partnership was dissolved, Clinton's claim to its property and assets confirmed, and also a finding that Mrs. Winnard was indebted to Clinton in the sum of $1,001.52, and ordering her to pay the same within ten days, and in default that execution issue therefor, and enjoining the cross-defendants as prayed. On the next day Mrs. Winnard, by leave of court, filed her answer to the cross-bill. Mrs. Winnard, just when the record fails to show, moved for an order vacating the decree entered on the cross-bill, which the court was willing to grant upon condition that she would give bond for accrued costs in the event she should fail to establish in an accounting that any money was due her on partnership account. She failing to file the

bond, the order to vacate the decree was denied on February 9, 1904. The record also shows that by consent of all the parties, at the time the motion to vacate the decree was denied, the decree as to the sum of $1,001.52 found due from Mrs. Winnard to Clinton was ordered satisfied in full. No disposition having been made of the issues joined in the original bill, a replication having been filed to Clinton's answer on March 1, 1904, the same was referred to a master of the court to take and state the account between the parties to the date of the dissolution of the partnership decreed under the cross-bill September 23, 1903.

The master took the account and made a report of every item entering into it, finding Clinton to be indebted to Mrs. Winnard in the sum of $593.35.

The master's report was approved by the court after the overruling of objections thereto by the master and of exceptions thereto by the court, and a decree entered in accord with its findings and recommendation, from which decree this appeal is prosecuted in an effort to reverse it.

We are satisfied with the account stated by the master and if the court had jurisdiction to proceed with an accounting under the original bill and was not debarred from so doing by force of the decree in the cross-bill, the decree appealed from must be affirmed.

The cross-bill was superfluous and improvidently allowed to encumber the record. This first misstep was made by appellant here. No relief was sought by appellant in his cross-bill that he could not have obtained under his answer to the original bill in an accounting by that bill prayed. All the equities and rights of the parties in the partnership property and profits were involved as much under the original as the cross-bill; both prayed a dissolution of the partnership and an accounting. The better practice would have been, we think, to have vacated the decree and to have tried the rights of the parties under the issues

Clinton v. Winnard.

made upon the original bill; but this was not done. We are of the opinion, however, the record not showing anything to the contrary, that the court had jurisdiction of the decree and power to vacate it at the time the order denying that motion was entered. In legal effect the decree was modified. The accounting there found and decree was practically vacated with the consent of all concerned. That no money was paid in satisfaction of the $1,001.52 by it found due from Mrs. Winnard to Clinton, is clear. No such claim is made by either party. Equity disregards forms, brushes through them and goes to the substance of things. The form of the proceeding being temporarily disregarded, what do we find is the substance? That the decree dissolved the partnership. There existed no reason why that should not stand; it was in accord with the expressed wish of all the parties and the prayer of both bills. That an accounting had not been taken under the cross-bill, is plain. The amount there found due was in accord with the averment in the cross-bill without proof other than it furnished. This no one denies. That is the part of the decree which in effect was vacated by consent. All consenting thereto are, upon well and firmly settled legal principles, estopped to contest its verity. The later actions of the parties lend strong confirmation to this conclusion. March 1, 1904, the matter of accounting was referred to the master. No opposition or objection was interposed. Furthermore the account was taken in a very thorough manner. Both parties assisted at this accounting; they gave testimony, were represented by counsel, and heard as to every item entering into it. No suggestion was made that the master was presiding over a hearing wherein all that was being enquired into and developed was moot, as being without jurisdiction. It is too late now for either party to retreat from the effect of the proceedings brought about with their consent.

We can but treat the action of the parties as an

admission that under the cross-bill there had been no accounting, and as a recognition of the fact that the amount found due by the decree was an arbitrary finding, without proof, and that they were willing to consent to the practical vacating of that part of the decree in the informal manner in which it was done, and to the account being taken and adjusted in the original cause.

All the objections and exceptions taken by appellant to the master's report relate entirely to the manner of stating the account and to the allowance and disallowance of items specifically stated, but none of them raise the jurisdictional question which is here invoked for the first time. It comes too late, and cannot be availed of now for the first time.

It is not altogether free from doubt, and may yet be considered as open for discussion and determination, whether or not a decree on a cross-bill is a final order, where the issues on the original bill remain undisposed of. In Fleece v. Russell, 13 Ill. 31, it was held that an order dismissing a cross-bill for want of equity was interlocutory, while the issues in the original bill remained undetermined, and that such an order is not subject to review until the whole case is disposed of.

A bill and cross-bill as here involving the same issues must be treated as one cause, and as applied to the record here found, the decree under the cross-bill and the decree here under review must be regarded as disposing of the whole controversy between the parties, made by their respective pleadings. This carries additional weight when it is considered that the cross-bill was improperly filed, as it in fact presented no claims for other relief than could have been granted the cross-complainant under his answer to the original bill and the two decrees, both by construction and in fact, accord no relief not appropriate to be granted under the issues formed on the original bill.

Howe v. So. Park Comrs., 119 Ill. 101, is authority supporting the contention that a cross-bill will be dis-

missed on motion, or by the court on its own volition, where it appears no relief is sought other than that obtainable under the original bill.

In Acme Copying Co. v. McLure, 41 Ill. App. 398, it is laid down as a universal rule in equity, that upon a bill for an account, the party against whom the balance is found will be decreed to pay it. That no cross-bill is necessary, and that where there are several, and if between them a balance is due from one to the other, it may be awarded as if each was a plaintiff in a bill against the others. Little v. Merrill, 62 Me. 328.

The finality of the decree under the cross-bill, being here invoked for the first time, is unavailing. Objections cannot be made in the Appellate Court to the findings of a master which were not objected to, and where no exception to the report was urged before the court. Dolese v. McDougall, 182 Ill. 486.

The decree of the Circuit Court does justice between the parties, and it is therefore affirmed.

*Affirmed.*