110

James A. Seybert, Appellant, v. Clarence E. Hoïles, Appellee.

Opinion filed January 4, 1935.   Rehearing denied February 25, 1935.

F. M. GUINN, of Vandalia, for appellant.

HILL, BULLINGTON & WILSON, of Greenville, for appellee.

MR. JUSTICE STONE delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Bond county, Illinois, in a suit for accounting filed September, 1931, by the appellant, James A. Seybert, wherein the court found the sum of $8,000 due the respondent, Clarence E. Hoiles, appellee herein, from the complainant, James A. Seybert, appellant herein.

Appellant was the owner of 437 acres of farm land. Prior to September, 1919, appellant had been doing business with another bank, but at that time he transferred his business to the State Bank of Hoiles and Sons, borrowing from it sufficient to pay off the other bank. He had other dealings with the Hoiles bank and with appellee, Clarence E. Hoiles. On October 20, 1920, appellant made a mortgage in the sum of $25,000 to the Hoiles bank on the lands above referred to, in order to secure his indebtedness to the bank.

In February, 1932, appellant made a deed to appellee of the lands secured by the mortgage to the bank. Appellee contends that the deed was made to further secure appellant's indebtedness to the bank. Appellant contends that the deed was made to facilitate an arrangement by which appellee became appellant's agent to sell the lands conveyed within two years. The appellee denies that he was ever the agent for appellant or that he agreed to sell the lands within two years, or became bound to attempt to sell the land at all. It is then contended by appellant that the lands depreciated greatly in value and that great loss was occasioned to appellant by appellee's failure to sell

the lands within a proper time. The basis of the alleged agency and contract is the following writing:

"The undersigned Clarence E. Hoiles, holding the fee simple title to Four Hundred thirty-seven (437) acres of farming land in Central, Old Ripley and Shoal Creek Township, Bond County, Illinois, by virtue of a warranty deed, executed by James A. Seybert and Minta Seybert, his wife, hereby on his part agrees to and with the said James A. and Minta Seybert, that upon a subsequent sale of said property, and at the best price to be obtained therefor, and upon payment of the proceeds, in satisfaction of the mortgage indebtedness on said premises together with any indebtedness due and owing to State Bank of Hoiles and Sons, by the said James A. and Minta Seybert, the residue, if any, will inure to and be paid to the said James A. and Minta Seybert by the undersigned.

"This memoranda to be in full force and effect for a period of Two (2) years, reckoning from the date hereof.

"Dated this 30th day of December, A. D. 1922.

CLARENCE E. HOILES."

Appellant relies also on what he terms an admission at the trial concerning the making of the contract. Taking all of appellee's answers together we do not think they amount to either an admission of agency, or an admission of a contract whereby appellant was bound to make sales of the land within two years or at all. We think also that the writing is the best evidence of the agreement and shall confine the discussion to the significance of it.

The instrument says that "upon a subsequent sale" of the property the proceeds will be allotted in a certain manner. It must be borne in mind that this instrument was drawn nearly a year after the execution of the deed to appellee. It should also be recalled that most of the sales made were to parties designated

by appellant. The deed, the agreement, and the subsequent conduct of the parties fit just as naturally into the theory that the bank, having a deed as security, was allowing appellant two years in which to make sales from which appellant might derive a portion of the proceeds, as with the theory that appellee undertook to get rid of the land in two years at the best prices obtainable. The master and the court below found that there was no contract on the part of appellee to sell the land. The evidence would not justify us in upsetting their conclusion.

We hold therefore that the court did not err in refusing to require appellee to account for losses in market value of the land because of negligence in carrying out a contract to sell.

The other errors assigned relate to the allowance of a set-off to the appellee on account of his purchase of an interest in a certain note which appellant owed to the State Bank of Hoiles.

Appellant owed the bank a note in the sum of approximately $17,000. In 1929, appellee gave checks to the State Bank of Hoiles and Sons amounting to $8,000 for an equitable interest in the said $17,000 note. The note was not indorsed to appellee until the trial of this suit. Appellee's partial interest in the note was indorsed thereon at the time of the trial.

It is first contended that appellee was under no legal obligation to make payment on this note and that he cannot be subrogated to the rights of the bank. While a different question might have arisen if payment of the note had been made, and indorsed thereon, to show extinction of so much of the debt, there can be no question that anyone is entitled to purchase an interest in the note so long as the holder is willing to sell it. The presumption would certainly be that a purchase, rather than a payment, of the note was intended.

Appellant contends that all counterclaims not existing at the time of commencement of the suit are barred from the accounting. In this case all that was done after the suit was the indorsement of the note which appellee held in his possession before the suit. The purchase was prior to the suit. It should also be said that a suit for accounting differs in this particular from suits at law. All matters of indebtedness between the parties up to the time of the final decree should, as a general rule, be taken into account: *Rhodes v. Ashurst,* 176 Ill. 351, on 355, 356; *Rhodes v. Ashurst,* 71 Ill. App. 242; Vol. 1 Corpus Juris 644, sec. 132.

Appellant also contends that where no affirmative relief is prayed in the answer in chancery that no decree for a balance due in favor of the respondent can be had. Neither a cross-bill nor a specific prayer in the answer is necessary to a decree in favor of the respondent in a suit for accounting. The prayer of the bill opens up the whole account, and the complainant impliedly obligates himself to do equity and pay any balance due the respondent. *Judson v. First State Trust & Savings Bank,* 238 Ill. App. 531, 539, 540; Vol. 1 Ruling Case Law, 225, sec. 27. See also *Wilcoxon v. Wilcoxon,* 199 Ill. 244, 250; *Walker v. Abt,* 83 Ill. 226; *Thomas v. Turner,* 157 Ill. App. 16; *Wilcoxon v. Wilcoxon,* 111 Ill. App. 90; *Acme Copying Co. v. McLure,* 41 Ill. App. 397; *Clinton v. Winnard,* 135 Ill. App. 274; Vol. 1 Corpus Juris 639.

These are the only matters in the account upon which a question is presented upon this record, and the court finds no error in the action of the circuit court.

The decree of the circuit court of Bond county is therefore affirmed.

*Affirmed.*