### Edward L. Thomas, Appellant, v. L. D. Turner, Sr., et al., Appellees.

1. CONTRACTS—*what competent to aid construction.* If the meaning of a contract is uncertain, it is proper for the court to look to the interpretation which the parties themselves have placed thereon to ascertain its true meaning.

2. INTEREST—*when allowance under construction of contract as made by parties proper.* If parties by their conduct have indicated that certain sums of money shall draw interest, an allowance by the court in accordance with such conduct will be sustained, the contract itself being uncertain in its terms.

3. ACCOUNTING—*when cross bill unnecessary.* A complainant who has filed a bill for an accounting will be decreed to pay a balance found due by him to the defendant, even though such defendant has filed no cross bill.

Bill in equity. Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed August 5, 1910. *Certiorari* denied by Supreme Court (making opinion final).

FRED B. MERRILLS, for appellant.

R. D. W. HOLDER, for appellees.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Prior to March, 1893, appellant, Edward L. Thomas, and Alpheus Boling were associated together in constructing a line of railroad for the St. Louis, Belleville and Southern Railway Company. Just what the business relations between the two parties were, does not clearly appear, it being claimed by appellant, however, that they were partners. On or about March 23, 1893, Samuel H. Leathe acquired a controlling interest in the property of the railway company and soon afterwards Boling commenced suit in his own name, to establish a lien against the railway company for the amount due him for grading and construction. Appellant thought the suit of Boling was injuring both of them and persuaded him to dismiss it. Thereupon, on April 1, 1893, the business relations between appellant and Boling, whatever they may have been, were severed and the following memorandum in writing to that effect, and stating the account between them, was prepared and signed by appellant and assented to by Boling, to wit:

"Edward L. Thomas and Alpheus Boling, have this day settled their affairs as follows: Boling is to receive of moneys due from railway company, the sum of $6,000 which is to be in lieu of everything due up to April first, 1893, for grading and amounts still due for board, being about $500. All balance due for grading is to go to Thomas for money advanced by him and his portion of the profits. The property is to be put into a corporation and work is to be taken, and out of work done, the debts of the company are to be paid as follows: Amounts due Dinkelman, Ogle, Gutterman, Dahm, Voellinger, Sahlender, Reutermann, Wolfert, Wohlgemuth and $150 borrowed to pay Dinkelman and due Wamser. The stock of the corporation is to be $4000, $2000 of which Thomas is to have, $1000 Boling is to have and $1000 Vogt is to have and is to be paid up by property, at cost price, now owned by Thomas and Boling. All debts contracted after April first are to be debts of the corporation and all work taken is to be for corporation. Boling is to get pay out of work for mule team bought of Ogle. The

$6000 to be paid Boling is not to be paid until settlement with the railway company. Signed and dated April 1st, 1893. Edward L. Thomas."

The corporation mentioned in the above memorandum was never formed and Thomas and Boling did no further grading together as a partnership, corporation or otherwise. The original contract for the grading of the road appears to have been entered into by the railway company with appellant and at the time last referred to, he claimed there was due to him on such contract for grading and construction, about $48,000 and later on February 12, 1894, he recovered a judgment against the company for $53,022.23, which included said amount and interest. Afterwards said Leathe, who had attempted to prevent appellant from obtaining such judgment, brought suit against appellant in St. Louis, Missouri, obtained a judgment against him and subsequently brought suit upon the Missouri judgment in the circuit court of St. Clair county. Appellant resisted this suit and set-off against his said judgment of $53,022.23.

The result of the litigation was a judgment against Leathe in favor of appellant, for $71,000. This judgment was appealed from but was sustained and after some years, on April 2, 1908, was paid. At that time the judgment, with accured interest on it, amouned to $93,168.81. In the meantime, as Boling was pressing appellant for money on account of the $6,000 mentioned in the above statement, they, on November 16, 1895, had another accounting which was reduced to writing by appellant, agreed to by both parties but not signed by them. In this statement, appellant charged himself with the $6,000 provided to be paid to Boling by the memorandum of April 1, 1893, together with interest thereon from the date of that contract to the time of the second settlement at five per cent. per annum, amounting to $787.50, a total of $6,787.50. He took credit for paying Boling's half of the debts due the several parties mentioned in the former memorandum, less $39.50 paid by Boling, amounting to $689.76; also with the sum of $2046.25 for a mortgage debt paid off for Boling and $551.49 cash, show-

ing a balance due Boling of $3500. On February 20, 1900, Boling for value received, indorsed a written assignment of his interest upon both statements to John D. Vogt and transferred them to him. On August 19, 1905, Vogt and appellant gave their note to L. D. Turner, trustee, for $4,000, and to secure the same appellant executed a real estate mortgage to said Turner as trustee, and also assigned to him $7500 of his judgment against Leathe. Of the $4000 so obtained $1500 went to Thomas and $2500 to Vogt, to be credited on indebtedness of Thomas to him. Vogt paid the interest on the $4000 except a small amount which was due when the note was finally paid by Turner as trustee. After the Leathe judgment, amounting to $93,168.81 was paid, as aforesaid, $7500 of that amount was paid over by the party making the payment to Mr. Turner, as trustee. With this amount Mr. Turner paid said $4000 note and interest and paid the balance amounting to $3436.42 to Vogt, upon presentation to him by Vogt of certain notes and due bills given to him by appellant. On December 21, 1908, appellant filed his bill in the circuit court of St. Clair county against L. D. Turner, Sr., John D. Vogt and Alpheus Boling, asking for an accounting from them.

Appellees answered and the cause was referred to a special master in chancery, who heard the evidence, stated the account and reported his conclusions. In his statement of account the master charged appellant with the $3500 shown to be due Boling by the settlement of November 16, 1895, together with interest thereon at the rate of five per cent per annum, to April 4, 1908, amounting to $2165.04. He also charged appellant with certain other payments made for him or on his account, concerning which there appears to be little if any dispute, the total charges amounting to $7237.98; and credited him with the $2500 paid out of the bank note to Vogt, $3426.42, paid by Turner out of the trust fund to Vogt, with an over charge made by appellant against himself of $258.83, caused by a mistake in figuring the interest due on the $6,000 with which he charged himself in the memorandum of November 16, 1895, and also

$39.50 interest paid by appellant to a bank for Vogt, the total credits amounting to $6234.75, and found there was a balance due Vogt from appellant of $1003.23.

Exceptions were filed to the master's report, which were overruled by him and later the court confirmed the report of the master and entered a decree in favor of Vogt and against Thomas, for $1003.23.

Appellant claims that the method used in stating the accounts was incorrect and that the decree is against the law and evidence. The master in chancery in his report, states that there seemed to be no difference between the parties, as to the facts, but that the point of contention appeared to be whether or not the contract between Thomas and Boling, referring to the memorandum of November 16, 1895, should bear interest or not. Appellant claims that a correct statement of the account, would show there was due him the sum of $1143.76. He states the account in two separate ways in his brief, one of which appears to show more due him in fact than he actually claims as above set forth. Both of the statements of account made by him are based on a different theory from that adopted by the master in chancery and have to do among other things, with the securing of the judgment of appellant against Leathe and the expenses connected therewith. We are of opinion that the securing of that judgment and the expenses connected with the same are not matters with which this suit is concerned; that by the two statements of account and agreements made between appellant and Boling above referred to, Boling lost all of his interest in the claim and subsequent judgment against Leathe and that as a matter of fact the real contention between the parties is, as stated by the master, whether the $3500 agreed to be due Boling on November 16, 1895, should or should not draw interest at the rate of five per cent per annum.

We are therefore called upon to determine whether it was the intention of the parties that the $3500 stated to be due Boling by the second contract, should or should not draw interest. It is a well known principle of law that, "In the

construction of a contract, it is always allowable to look to the interpretation the contracting parties place upon it, either contemporaneously or in its performance, for aid in ascertaining its meaning." Consolidated Coal Co. v. Schneider, 163 Ill. 393.

When appellant made up the statement of November 16, 1895, he calculated interest at the rate of five per cent per annum, on the $6000 stated to be due Boling, by the memorandum of April 1, 1893. The allowance of this interest appears to have been accepted by both parties as proper in the statement of the account between them and it must therefore have been their understanding that the $6000 should draw interest at the rate of five per cent per annum. Such being the case, we conclude that the $3500 mentioned in the second statement, which was the amount of the $6000 less the payments which appellant had made in the meantime, should also draw interest at the same rate. If the $6000 was to draw interest, as was recognized by the parties, we find no good reason why the giving of credits which cut the amount due to Boling from $6000 to $3500, should stop the payment of such interest. We are therefore of opinion that the method adopted by the master in chancery in his statement of account between the parties, was the proper one and that the finding of the court below, that there was due appellee Vogt, the sum of $1,003.23, was correct.

It is claimed however, by appellant, that Vogt is not entitled in this suit to any decree granting him affirmative relief for the reason that he filed no cross bill asking for the same but relied entirely upon his answer. Appellant by his bill prayed for an accounting, claiming there was a balance due him, while Vogt, by his answer, claimed there was a balance due him from appellant. It is a universal rule that upon a bill in equity for an accounting, the party against whom the balance is found, will be decreed to pay it and that no cross bill is necessary. Acme Copying Co. v. McLure, 41 Ill. App. 397; Clinton v. Winnard, 135 id. 274; Atkinson v. Cash, 79 Ill. 53.

The decree of the court below is affirmed.

*Affirmed.*